# BOLDT, ADMINISTRATRIX OF BOLDT, *v.* PENNSYLVANIA RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 62. Argued November 16, 19, 1917.—Decided January 7, 1918.

Under the Federal Employers' Liability Act, except in the cases specified in § 4, the employee assumes extraordinary risks incident to his employment, and risks due to negligence of employer and fellow employees, when obvious or fully known and appreciated by him.

While between cars in a freight yard, helping to repair a faulty coupler, plaintiff's intestate was killed, due to the impact of a string of cars,

moving by gravity under control of a brakeman. It was contended that the brakeman negligently permitted the moving cars to strike with too great violence and that the company negligently failed to promulgate and enforce adequate rules to safeguard deceased while about his task; and some evidence tended to support both claims. But, *held*, that plaintiff was not entitled to have the jury instructed that "the risk the employee now assumes, since the passage of the Federal Employers' Liability Act, is the ordinary dangers incident to his employment, which does not now include the assumption of risk incident to the negligence of the carrier's officers, agents or employees."

218 Fed. Rep. 367, affirmed.

THE case is stated in the opinion.

*Mr. Henry W. Brush* and *Mr. Rufus S. Day*, with whom *Mr. Frank Gibbons* and *Mr. C. W. Dille* were on the briefs, for plaintiff in error.

*Mr. Frederic D. McKenney*, with whom *Mr. John Spalding Flannery*, *Mr. Frank Rumsey* and *Mr. H. J. Adams* were on the brief, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

At Buffalo, New York, defendant has a yard where freight trains are made up. Cars under control of a brakeman descend by gravity to desired positions on connecting tracks which lie southward of the "hump" or high point. A rule forbade employees from going between cars without first taking precautions not observed in the present case. Some evidence tended to show that under long-continued practice, considered good railroading, cars (in "strings" or "cuts") were constantly sent down and purposely allowed to strike others with sufficient force to secure coupling, but not hard enough to injure the equipment, "regardless of the position the men are in, putting them under obligation to take care of themselves."

While between cars, contrary to instructions, and assisting in an effort to adjust a faulty coupler, Edward J. Boldt, an experienced yard conductor, was killed. The coupler was at the south end of a "string" standing on an inclined switch; another "string" moving down from the north, hit the standing one violently and drove it against deceased and across a space of twenty feet.

Suing under the Federal Employers' Liability Act plaintiff maintained that the brakeman in control negligently permitted the moving cars to strike with too great violence; also that the company negligently failed to promulgate and enforce adequate rules to safeguard deceased while occupied about his task; and some evidence tended to support both claims. The Circuit Court of Appeals affirmed a judgment upon verdict for defendant after the trial court had denied motion for new trial based solely upon its refusal to give the charge specially requested by plaintiff and copied below. 218 Fed. Rep. 367.

To the general charge plaintiff made no objection whatever. In the first paragrpah it declared: "The foundation for the action is the Employers' Liability Act, which was passed by Congress in the year 1908, and which substantially provides that if the employees of interstate railway carriers are injured while at work, on account of the negligence of the employer, or on account of the negligence of an officer or agent, or, indeed, even on account of the negligence of a fellow servant, that a recovery can be had." Continuing, it explained nature of the accident, relationship, responsibilities and obligations of parties, definition and effect of contributory negligence, etc.

Concerning assumption of risk the court said: "Evidence has been given by other witnesses that customarily cars are sent over this 'leader' into the yard of the defendant, and into the railroad yards of other railroad companies, *ad libitum*,—that is, they are sent freely, one after another, to classify them and to make up trains when

already classified; they are defined as 'live tracks,'—
a dangerous place to work, gentlemen, and workmen who
take upon themselves occupations of that character
*assume the ordinary risks of the employment;* they assume
the risks that are incident to the particular avocation."
"The decedent, as I have already stated, was bound to
take care, and exercise diligence, and avoid any accidents
from the movements of the cars in the yards and while at
work. A railroad company, gentlemen, does not guaran-
tee or insure the safety of its employees; it is merely
obliged to use ordinary care to prevent unusual risks by
the decedent, which, under the circumstances, and the
manner in which the work was ordinarily done, could
not be reasonably anticipated." "You must be satisfied,
gentlemen, in order to give her an award, that it is due
to her because of the negligence of the defendant railroad
company, and, if you also believe that it was due to the
negligence of the decedent himself, who was engaged in a
risky occupation, he, as I said before, assumed the ordinary
risks of his employment, then you may apportion the
damages."

At defendant's request and without objection, the
jury were told "that the decedent assumed the obvious
necessary risks of the employment in which he was en-
gaged."

Plaintiff then asked a charge that "the risk the em-
ployee now assumes, since the passage of the Federal
Employers' Liability Act, is the ordinary dangers incident
to his employment, which does not now include the as-
sumption of risk incident to the negligence of the carrier's
officers, agents or employees." Denying the request, the
court said: "Under the Employers' Liability Act the
employee simply assumes the risk of his employment.
Section 4 reads, 'such employee shall not be held to have
assumed the risk of his employment in any case where a
violation by such common carrier of any statute enacted

for the safety of employees contributed to the injury, or death of such employee.' I decline to charge as requested, because this is not an action of the kind specified in Section 4." This denial is the only error properly assigned here; and the circumstances afford no reason for departing from the general rule which limits our consideration to it.

Section 1, Employers' Liability Act, 35 Stat. 65, declares that carriers "shall be liable in damages to any person suffering injury while he is employed," etc., "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." In cases within the purview of the statute the carrier is no longer shielded by the fellow-servant rule, but must answer for an employee's negligence as well as for that of an officer or agent.

In *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 503, we said: "It seems to us that § 4, in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action." *Jacobs* v. *Southern Ry. Co.,* 241 U. S. 229, 235.

At common law the rule is well settled that a servant assumes extraordinary risks incident to his employment or risks caused by the master's negligence which are obvious or fully known and appreciated by him. Shearman & Redfield on Negligence (6th ed.), § 208; Bailey Personal Injuries (2d ed.), § 385. This general doctrine was clearly recognized in *Gila Valley &c. Ry. Co.* v. *Hall,* 232 U. S. 94, 101; *Jacobs* v. *Southern Ry. Co., supra; Chesapeake & Ohio Ry. Co.* v. *De Atley,* 241 U. S. 310, 313, and *Erie R. R. Co.* v. *Purucker,* 244 U. S. 320, 324.

The request in question did not accurately state any applicable rule of law and was properly refused.  Already the jury had been told that deceased assumed the ordinary risks of his employment—a statement more favorable than plaintiff could properly demand.  The risk held to have been assumed in the *Horton Case* certainly arose from negligence of some officer, agent or employee; and if the negligence of all these should be excluded in actions under the Employers' Liability Act it is difficult to see what practical application could ever be given in them to the established doctrine concerning assumption of risk.

The judgment below is

*Affirmed.*

MR. JUSTICE DAY took no part in the consideration or decision of this cause.