### DELAWARE, L. & W. R. CO. v. TOMASCO.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

#### No. 127.

1. MASTER AND SERVANT ☞220(7)—INJURY—ASSUMPTION OF RISK.

An interstate commerce employé, of experience, who after refusal of a light, and without assurance of safety or a light forthcoming in a reasonable time, continues in the dark at the work of removing a metal platform from where it had been used as passageway between freight cars on parallel trucks, must be held to have assumed the risk.

2. MASTER AND SERVANT ☞204(1)—ASSUMPTION OF RISK—EMPLOYERS' LIABILITY ACT.

It is only risk of employment from violation by the master of a federal statute that under Employers' Liability Act, § 4 (Comp. St. § 8660), the employé may not be held to assume.

In Error to the District Court of the United States for the Western District of New York.

Action by Michael Tomasco against the Delaware, Lackawanna & Western Railroad Company for personal injuries. Verdict and judgment for plaintiff, and defendant brings error. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (Louis L. Babcock, of Buffalo, N. Y., of counsel), for plaintiff in error.

Charles Oishei, of Buffalo, N. Y., for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On December 27, 1916, at about 6:10 p. m., the defendant in error, while in the service of the plaintiff in error, as a handler of freight at its freight house in East Buffalo, N. Y., sustained personal injuries, and seeks to maintain this action, claiming that he was injured through the negligence of the plaintiff in error and without any fault on his part. It is conceded that the plaintiff in error is a carrier engaged in interstate commerce, and that at the time of his injury the defendant in error, too, was engaged in work that had to do with interstate commerce. In the performance of his work at the hour above stated, it became necessary to remove the metal platform used as a passageway between the freight cars placed on parallel tracks, and while the defendant in error was engaged in this endeavor, he fell in the space between the two cars, as did the platform; the latter striking him on his arm, causing him to receive serious injury. It is alleged in the complaint, and the defendant in error sought to establish, that his injuries were brought about by reason of the darkness of the place in which he was engaged in fulfilling his work. The happening of his accident is described in his complaint as:

"And that by reason of the plaintiff being unable in the darkness existing to control the movement of the said skid or in the said darkness to catch himself on the sill of the door or opposite doorway, the plaintiff lost his balance and pitched headlong, together with the said heavy iron skid, downwards in the space between said cars, falling heavily to the ground, and so severely injuring his arm as to cause a compound fracture and breaking of the bones of the said arm and permanently injuring the plaintiff."

It was further pleaded that the defendant in error requested the foreman of the plaintiff in error to furnish a light at his place of work, so as to afford him an opportunity to guard himself against injury while in the performance of his work, and that the foreman neglected and refused to furnish a light, and thus the hazards existing while in the performance of the work to the defendant in error were increased. The case was submitted to the jury by the District Judge upon the theory that the negligence of the plaintiff in error might be established in the failure of the foreman to furnish a lighted lantern as requested by the defendant in error, and in failing to provide sufficient light so that the defendant in error might perform his work with reasonable safety to himself. The questions of assumption of risk and contributory negligence were submitted to the jury as questions of fact.

The metal platform in question was 3x4 feet and about three-sixteenths of an inch in thickness. It was used to bridge a space of about 30 inches between the two cars, so that freight might be trucked across from one car to another. The defendant in error says he was on the day shift and quit his work at about 5:30 p. m., and on the evening in question was requested to do extra work, which consisted merely of removing the running board and closing the car doors, for which

he was to receive extra pay. He says that he had been working in the "pitch dark" since a quarter of 5 or half past 4, and that then he met the foreman and asked for a lantern, because it was dark, and he told the foreman it was "kind of dangerous," to which the foreman replied, to go over to the office and get a light, if there was one there. " 'If there isn't,' he said, 'you take one to-morrow.' I did not get a light." Further, defendant in error says that he did not go to the office, but that the foreman went there, and, after the foreman told him that there was no light, then the defendant in error went to work with his fellow laborer, Paladino.

A large number of witnesses called by the plaintiff in error disputed the claim of the defendant in error that the place of work was dark, and testimony was adduced indicating that along the freight platform adjacent to the cars there was an ample system of electric lighting, which the witnesses said was in good repair and lighted at the time of the accident to defendant in error.

[1, 2] But, assuming the condition, as we must upon this appeal, to be as the defendant in error claims, we are of the opinion that he cannot succeed, for we are obliged to hold that he assumed the risk as a matter of law. The District Judge was requested to charge the jury that the defendant in error assumed the risk as a matter of law, by requests couched in varying phraseology, and in each instance denied the request, leaving the question of assumption of risk with the jury as one of fact.

The defendant in error, in narrating his own experience, stated that he had worked for 3 years in a coal mine, and then 12 months as a railroad track laborer, and 3 months as a railroad laborer, loading and unloading rails for the Lehigh Valley Railroad Company, and then about 2 years for his present employer, which time was largely spent in doing work similar to that which he was doing on the night in question. Therefore he must be charged with a thorough knowledge of the details of the work of loading and unloading cars, the location of the freight house, and the railroad trackage thereabouts at the East Buffalo freight yard. This must necessarily include knowledge that the freight cars, while on parallel tracks, would have a space of about 30 inches between them, and that to misstep might result in falling into said space. He seems to have fully appreciated this danger, as also the danger of working about a space of this kind without a light. He says he requested a light, and was told that none was available, and he then went back and resumed his work, and, if it be true that at the time and place it was "pitch dark," this knowledge was better known to him than to his master. After being refused a light, he said he continued without a promise or assurance of safety, or without assurance that a light would be forthcoming within a reasonable time. It appears that he resumed his work without further protest or coercion of any character on the part of his foreman. Indeed, he describes this work as "extra work" or extra hours of service, and he was concerned about his own safety. He had the right to refuse to continue on in the extra work until the necessary light had been furnished. If the plaintiff in error's version of the accident be true, he

was injured because of a danger which he knew and appreciated, and which he asked the foreman to guard against by supplying him a lantern.

We are of opinion that the District Judge, on these facts, was obligated to hold the defendant in error assumed the risk as a matter of law, and the failure to instruct the jury as requested was error. Section 4 of the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. § 8660), provides that in any action against a common carrier, under or by virtue of any of the provisions of the Employers' Liability Act, to recover damages for injuries to or death of any of its employés, such employé shall not be held to have assumed the risk of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé. This applies to the so-called Safety Appliance Act, and hence would not debar the plaintiff in error from insisting upon the defense of assumption of risk, just as it may be established under the rules at common law as a complete bar in an action for injuries to the person of an employé. Boldt v. Pennsylvania R. Co., 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385; Seaboard Air Line Ry. v. Horton, 233 U. S. 493, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

While the master here was bound to furnish the employé with a proper and safe place in which to perform his work, and in this it was the duty of the master to see that the place of work was properly lighted to enable it to be done with reasonable safety, it is also true that the servant assumed the obvious risks of his employment. The rule is well settled that if the servant knows of the failure of the master to completely discharge his duty to exercise ordinary care to furnish a reasonably safe place in which to work and sufficient servants or reasonably safe appliances with which to work, and if he appreciated its effect, or if the failure and its effect are obvious or plainly observable, and he continues in the employment without objection, he elects to assume the risk of them and is precluded from a recovery.

We therefore conclude upon this record that the defendant in error is affected by the established doctrine that an employé, with knowledge of the danger, which he fully appreciates, and of which he is conclusively presumed to have assumed the attendant risk, cannot recover, if he continues and is injured. Butler v. Frazee, 211 U. S. 459, 29 Sup. Ct. 136, 53 L. Ed. 281.

The exceptions to the requests to charge present error which requires a reversal of the judgment below.

Judgment reversed.