# Reed, Administratrix, *v.* Director General of Railroads, Appellant.

*Negligence — Railroads — Federal Employers' Liability Act —
Contributory negligence—Risk of employment—Fellow servant—
Shifting cars in yard—Failure to heed signals.*

1. Under the Federal Employers' Liability Act one injured in
interstate commerce is not deprived of all recovery because of his
contributory negligence.

2. But thereunder he still assumes all the ordinary risks of his
employment, unless arising from a breach of some statutory duty.

3. An accident occurring in shifting cars in the yards of a rail-
road company, caused by the failure of a coemployee to heed sig-
nals, is a risk of the employment.

*Appeals—Motion for judgment n. o. v.—Inferences from facts.*

4. In considering an appeal from the refusal of a motion for a
judgment non obstante veredicto, all facts and inferences from
facts must be drawn in favor of the party having the verdict.

Mr. Justice KEPHART dissented.

Argued March 22, 1920. Appeal, No. 203, Jan. T.,
1920, by defendant, from judgment of C. P. No. 1, Phila.
Co., June T., 1918, No. 2226, on verdict for plaintiff in
case of Gertrude M. Reed, Administratrix of the estate
of Leo C. Reed, deceased, v. Director General of Rail-
roads, United States Railroad Administration, operat-
ing Philadelphia & Reading Railway. Before BROWN,
C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ.
Reversed.

1920.]     Statement of Facts—Opinion of the Court.

Trespass to recover damages for death of plaintiff's husband. Before PATTERSON, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial the jury rendered a verdict for $19,000, upon which judgment was entered for $15,000, all above that sum having been remitted. Defendant appealed.

*Errors assigned* were refusal of binding instructions for defendant, and refusal of defendant's motion for judgment n. o. v.

*Wm. Clarke Mason,* for appellant.

*John J. McDevitt, Jr.,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

Plaintiff, as administratrix of her deceased husband's estate, brought an action of trespass, averring he was negligently killed while working for defendant in interstate commerce. A verdict and judgment having been entered for plaintiff, defendant appeals, inter alia, because its point for binding instructions was refused and its motion for judgment non obstante veredicto dismissed. Complaint is made that these decisions are erroneous for several reasons, but we will consider only one thereof, viz: did decedent's death result from a risk which he assumed as the result of his employment? If it did plaintiff cannot recover.

Taking the evidence in the light most favorable to plaintiff, as of course we must do, we find the facts to be as follows: Decedent was a member of a crew which had brought a train from Philadelphia to South Bethlehem. Some of the cars contained goods shipped in interstate commerce. When all the cars were released at their appropriate places, the engine went back to get the caboose for the purpose of taking it to the point where it was to stay until wanted for further traffic, and then

itself go to the roundhouse where it was to remain until again needed. This movement was through defendant's yard, where there were a number of tracks upon which cars and locomotives were being shifted constantly. Through the yard ran also the main passenger tracks of defendant, and, at the points where other tracks crossed over or connected therewith, derailing devices had been wisely installed for the purpose of preventing locomotives and cars using the other tracks from running on to or over the passenger tracks, at a time when passenger trains were standing or traveling thereon, and thereby possibly causing collision and serious loss of life.

The engine and caboose which had reached South Bethlehem were moving over a track which had one of those derailing devices where it connected with the passenger tracks. The caboose being in front of the locomotive, the engineer could not see the device when operating the engine from his cab and hence decedent was directed to and did locate himself on the front of the caboose, with a duty to signal the engineer in time for him to safely stop if the derailing device was set against further passage. It was so set on this occasion, but either through the negligence of decedent himself, or of the engineer in failing to notice or heed the signalling of decedent, the locomotive did not stop in time, the caboose was derailed and decedent was crushed to death between it and cars on an adjoining track. In considering the present question we also assume the negligence was that of the engineer and not of decedent.

Under the Federal Employers' Liability Act, one engaged in interstate commerce is not absolutely deprived of recovery because of his contributory negligence; but neither he nor those claiming under him can recover if an accident results from a risk assumed by him in the performance of his duties. The only exceptions to this are where the accident is the result of a breach of some statutory duty, in which event the employee is protected by section 4 of the act (Seaboard Air Line Ry. Co. v.

Horton, 233 U. S. 492; Southern Ry. Co. v. Crockett, 234 U. S. 725); or where the risk is so unusual or extraordinary as to be outside of those normally and necessarily incident to the employment: Dutrey v. Phila. & Reading Ry. Co., 265 Pa. 215. Neither of these exceptions have any application here.

In the present case decedent knew of the risks he assumed in the movement of the engine and caboose through the yard; he knew the place was a dangerous one; he knew that if he did not warn the engineer in time, or if the latter did not see or heed the signals, the engine and caboose would be derailed, a collision with engines or cars on other tracks was probable, and he might be injured or killed as a result thereof. In other words, he was engaged in a well-known dangerous yard movement; and the Supreme Court of the United States, which is, of course, the final arbiter in construing the Federal Employers' Liability Act, has repeatedly held that under such circumstances the person injured assumes the ordinary risks of his employment and no recovery can be had if injury or death results therefrom: Randall v. Baltimore & Ohio R. R. Co., 109 U. S. 478; Tuttle v. Detroit, Grand Haven & Milwaukee Ry. Co., 122 U. S. 189; Seaboard Air Line Ry. Co. v. Horton, supra; Reese v. Phila. & Reading Ry. Co., 239 U. S. 463; Jacobs v. Southern Ry. Co., 241 U. S. 229; Boldt v. Penna. R. R. Co., 245 U. S. 441.

Of course if the cases in this court conflicted with the foregoing our decisions would have to give way; but happily they do not. Glunt v. Penna. R. R. Co., 249 Pa. 522, like Chesapeake & Ohio R. R. Co. v. De Atley, 241 U. S. 310, was the case of an injury resulting from an unusual rate of speed, which was not an ordinary risk of the employment. Waina v. Pennsylvania Co., 251 Pa. 213, was a case of alleged contributory negligence which, as already stated, is not an absolute defense under the Federal Employers' Liability Act. Falyk v. Penna. R. R., 256 Pa. 397, was decided on the ground that plaintiff had

not been given a safe place to work and was lulled into a belief he was secure by "the master's assurance that signals were unnecessary." And, finally, in Dutrey v. Phila. & Reading Ry. Co., 265 Pa. 215, as in McGovern v. Phila. & Reading Ry. Co., 235 U. S. 389, there was a failure to observe a custom which required notice to be given of the approach of trains. We must, therefore, enter judgment for defendant non obstante veredicto.

It may be added that this is one of an increasing number of cases demonstrating the wisdom of speedily extending to all interstate employees the benefit of the Act of Congress of October 6, 1917, by which stevedores engaged in interstate commerce became entitled to "rights and remedies under the workmen's compensation law of any state." It is not understandable why a state should not be permitted to exercise its police power over this as it does in many other matters, merely because the employee was engaged in interstate commerce at the time of his injury or death, in view of the fact that if he or his dependents become a public charge because thereof the state must out of its own funds support him or them; especially as those statutes are commonly admitted to be alike beneficial to the employee, the carrier and the public.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.

Mr. Justice KEPHART, dissented.