RAMSTROM, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*June 4—October 19, 1920.*

*Railroads: Brakeman boarding moving train: Assumption of risk.*

The head brakeman of a freight train who was late for his train and attempted to board it at a place other than the starting point and when it was running at a speed of ten to twelve miles an hour, assumed the risk of injury by being thrown under the car, although the conductor told him to hurry and get on the train.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Personal injury. The plaintiff was a brakeman in the employ of the defendant company. For a period of four and one-half months or more he had served as such on the freight run between La Crosse and Minneapolis. Not finding his run scheduled as to time but by order of departure of trains, he took a long walk through the city of La Crosse and North La Crosse, and about 4:15 looked at the bulletin board and saw that his train was scheduled to leave at 4:15. He asked one of the officials if the conductor had a brakeman in his place, it having been his duty to remain at his boarding house or let it be known where he could be found, and was advised that he probably had not. At about that time the train came in sight, the plaintiff ran to the Allen House, a distance of 248 feet, and back to a telegraph pole, a distance of 140 feet more, while the train was going at what appeared to one witness to be about an equal distance. At the Allen House the plaintiff secured his coat, which he carried under his arm, and passed across the tracks in front of the engine. The operator was on the station platform and gave the plaintiff the orders of clearance and the bridge card. The plaintiff handed one of the cards to the fireman and the other to the conductor, who had dropped off the train as it approached. The conductor gave the plaintiff

some instructions about cars which were to be set out, and said to the plaintiff, "You better hurry up and get her; you won't have so many to walk over." It was the duty of the plaintiff to have taken his train in the east yard, where it was made up, but because he had not left word where he could be found he decided to take the train at North La Crosse as it was passing through. He then attempted to board the moving train. He testified that he made a swing for it; that he got hold of the rung with both hands; that in some way he was jerked under, and he knew nothing further until he had received the injury complained of. The speed of the train was variously estimated from ten to fifteen miles an hour. The witness who testified that it was moving at the rate of fifteen miles per hour had a very poor opportunity to judge of its speed, but the plaintiff's own opinion was that it was traveling from ten to twelve miles an hour.

The case was tried with a jury, the issues being submitted to it in the form of a special verdict. The jury found (1) that the train at the time of the accident was running at greater speed than that at which brakemen customarily board moving trains in the performance of their duties as brakemen; (2) that the conductor of the defendant in charge of the train was wanting in the exercise of ordinary care in telling the plaintiff to board the train immediately prior to the time of the accident; (3) that such want of care on the part of the conductor was a proximate cause of the plaintiff's injury; (4) that the engineer of the train was wanting in the exercise of ordinary care in running the train at a greater speed than was customary; (5) that such want of ordinary care on the part of the engineer was a proximate cause of plaintiff's injury; (6) that a person of ordinary intelligence, with the experience of plaintiff, in the exercise of ordinary care ought not to have appreciated the danger incident to the boarding of the moving train at the time of the accident; (7) that the plaintiff was wanting in the exercise of ordinary care which contrib-

uted to his injury; (8) that the ratio of the negligence of the plaintiff as compared to that of the defendant was as two to one in favor of the plaintiff; (9) that the injury was not the result of pure accident; and assessed the damages at $7,000. Upon motion after verdict the trial court ordered that the answers to questions 1, 2, and 4 be changed from Yes to No, and the answer to question 6 be changed from No to Yes. The defendant had judgment upon the verdict as amended, dismissing the action with costs, from which judgment the plaintiff appeals.

For the appellant there were briefs by *F. E. Withrow,* attorney, and *Winter, Morris, Esch & Holmes,* of counsel, all of La Crosse; and the cause was argued orally by *Mr. Withrow* and *Mr. Frank Winter.*

*H. J. Killilea* and *Paul W. Mahoney,* both of Milwaukee, for the respondent.

The following opinion was filed June 23, 1920:

ROSENBERRY, J. The plaintiff contends upon this appeal that the court erred in setting aside the answers as indicated in the special verdict and in holding that the plaintiff assumed the risk incident to his employment. In passing upon the motions after judgment the trial court said:

"The plaintiff in this case testified that mounting cars in motion was a part of his duties as a brakeman; that he had been in the habit of doing so on every day that he had worked for the defendant during the term of his employment, which covered a period of nearly five months. His testimony shows that he was instructed in respect to his duties and the dangers of the employment; that he was familiar with the rules and regulations; that he is a man of at least ordinary intelligence, and it is apparent that the danger was open and obvious and as completely within his knowledge as that of the master or its representatives, and he himself says, and he reiterated the statement, that he simply miscalculated the speed of the train. Under these

circumstances it is clear that he assumed the risk unless it can be said that the risk was one which was created by the negligence of a fellow-servant and not one incident wholly to the employment."

The court in effect found that there was no evidence to sustain the finding of the jury to the effect that the defendant company was guilty of negligence. We shall not attempt to set out the evidence in detail. We have carefully examined it, and are of the opinion that the trial court's conclusion should be upheld. This action was brought under the federal employers' liability act (35 U. S. Stats. at Large, 65, ch. 149), and the rights of the parties must be determined in accordance therewith and with the decisions of the United States supreme court construing that act.

Plaintiff bases his contention that the trial court was in error in holding that the plaintiff assumed the risk upon *Chesapeake & O. R. Co. v. De Atley*, 241 U. S. 310, 36 Sup. Ct. 564. In that case it was held that an employee might presume that a co-employee would exercise due care for his safety, and does not assume the risk attributable to the operation of a train at an unduly high speed until made aware of the danger, unless the undue speed and consequent danger are so obvious that an ordinarily careful person in his situation would observe the speed and appreciate the danger. The difficulty with plaintiff's contention is that under the facts of this case the plaintiff did know and appreciate the fact that the train was operating at a high speed and was fully aware of all the hazards of attempting to get upon it as it was then traveling. This case is ruled by *Boldt v. Pennsylvania R. Co.* 245 U. S. 441, 38 Sup. Ct. 139, where it was held that under the employers' liability act a servant assumes extraordinary risk incident to his employment or risks caused by the master's negligence which are obvious and fully known and appreciated by him, as he did at common law.

As the trial court said, "When a defect is so obvious or so patent as to be readily observed by a servant by the reasonable use of his senses, having in view his age, intelligence, and experience, and the danger and risk from it are apparent, he cannot be heard to say that he did not realize or appreciate them." In this case the plaintiff had seen the train approaching for more than two blocks. He ran a race with it in order to procure his coat. He ran across the street just in front of it, and testified that it was coming so fast that he barely made it, and then with full knowledge of all the facts and circumstances he attempted to mount the train. He was a man of mature years, and he was fully cognizant of the danger attendant upon his act. We think the trial court correctly held that he assumed the risk. *Seaboard A. L. Ry. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1, 79 N. W. 22.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 19, 1920.