Coös,  ⎫
Jan. 1, 1924. ⎭

### FRED PARADIS *v.* MAINE CENTRAL RAILROAD.

Under the federal employers' liability act, 35 U. S. Stat. 65, the employee assumes the risk of the dangers of his employment which are obvious or fully known and appreciated by him.

CASE, under the federal employers' liability act, to recover for personal injuries received while engaged as a servant of the defendants in interstate commerce. Trial by jury and verdict for the plaintiff.

Motions by the defendants for a nonsuit and directed verdict were denied in the superior court by *Sawyer,* J., and the defendants excepted. The facts appear in the opinion.

*Sullivan & Daley* and *Edgar M. Bowker* (*Mr. Sullivan* orally), for the plaintiff.

*Shurtleff & Oakes* (*Mr. Oakes* orally), for the defendants.

PLUMMER, J. The plaintiff was employed by the defendants as a section man. The section upon which he worked at the time of his injury extended from Scott's Junction in New Hampshire, west to East Concord, Vermont. His work had to do with interstate commerce, and the case is governed by the federal employers' liability act. The accident occurred at Gilman, Vermont, August 23, 1921. The plaintiff began to work for the defendants as a section

man June 1, 1908, and had continued in their employ until the time of the accident. A railroad gasolene motor car, such as section men use in going over the section upon which they are employed, was used by the section men to ride over the section. The motor car had been used since 1918, except in winter, and the plaintiff since then had ridden upon it, when in use, in going to and from his work, and had driven it.

All the spring and summer before the accident, a dog had habitually chased the motor car as they passed Gilman station, going both west and east. The dog usually ran behind the car or by the side of it; and, as the plaintiff testified, sometimes in front of it. The car was usually run at an average speed of twenty miles an hour over the entire section, and was customarily run over the crossing just east of Gilman station at twelve miles an hour, and at Gilman station, the railroad switch and frog west of the station, between twelve and fifteen miles an hour. Upon the day of the accident the car was run at the same speed as usual. That day the dog ran upon the track just west of the station. He went under the wheels of the car, and when the car was approximately at the railroad frog, running at fifteen miles an hour, it was derailed, and the plaintiff was thrown to the ground and injured.

It is claimed by the plaintiff that the defendants could be found guilty of negligence because the car was being driven at the time of the derailment at a greater speed than was permitted by the rules of the railroad, and that it could be found that such negligence caused the accident. Assuming that the plaintiff's contention is correct, it does not follow that he can maintain this action. In this case the common-law doctrine of assumption of risk applies. *Seaboard Air Line Ry* v. *Horton*, 233 U. S. 492. The plaintiff assumed the risks of the dangers of his employment which were "obvious or fully known and appreciated by him." *Boldt* v. *Railroad*, 245 U. S. 441, 445; *Tuttle* v. *Railway*, 122 U. S. 189, 195.

The speed that the car was run on the day of the accident was the usual speed of the car at the place where the accident occurred. And the dog had been chasing the car all the spring and summer the same as upon that day. The plaintiff was perfectly familiar with both of these conditions and fully understood the situation. He states that two months before the accident, and again in July, he told the foreman that they would run over the dog some day and kill the dog and cause an accident. He testified that he only meant that they would kill the dog, and that the railroad would have to

pay for him, and that he did not suppose that the car would be derailed and that he might be injured.

The evidence demonstrates that he is an intelligent man. He had had long experience as a railroad section worker, and had ridden upon the motor car for a long time, and had driven it. If he had given the matter any consideration, he must have known that if the dog, which weighed about forty pounds, got under the wheels of the motor car, the car was likely to be thrown from the track, and he might be injured. An experienced employee knowing the conditions must be considered as appreciating the dangers occasioned thereby, and must assume the risks therefrom. *Jacobs* v. *Railway,* 241 U. S. 229; Dresser, Employers' Liability, s. 95.

It was perfectly apparent and obvious that if the dog got under the wheels of the car when it was going fifteen miles an hour, the car might be thrown from the track, and cause injury to the section men. "The dangers were obvious; and if the plaintiff did not know of and appreciate them, the fact was due to his want of ordinary care. . . . The defendants could not have told the plaintiff anything about the danger which he did not learn from his observation, or would not have learned if he had exercised ordinary care." *Hicks* v. *Company,* 74 N. H. 154, 157, 158; *Collins* v. *Company,* 68 N. H. 196.

Although the plaintiff states in testimony that he did not suppose that the car might be derailed, if the dog got under the wheels, and that he might be injured, still there are indications in his evidence that he understood and appreciated the danger of the car being thrown from the track under such circumstances, and that he might be injured thereby. It was not necessary that he should know and appreciate the precise way in which he might be injured. If he realized that an accident was likely to occur on account of the way the motor car was driven, and that he might receive injury, that would be sufficient to impose upon him the assumption of the risk of the injury. *Roy* v. *Hodge,* 74 N. H. 190. But whether he appreciated the danger that menaced him or not, it was apparent and unmistakable, and he assumed the risk thereof.

"The servant assumes the risk of injury from dangers incident to the service which are obvious, or of which he knows, or which ordinary care would disclose to him." *O'Hare* v. *Company,* 71 N. H. 104, 106; *Henderson* v. *Williams,* 66 N. H. 405, 413. "The danger . . . was open and apparent to the plaintiff's observation. Hence it could not be found that he did not assume the peril of" it. *Deshaies* v. *Company,* 80 N. H. 351, 354; *Bancroft* v. *Railroad,* 67 N. H. 466.

The circumstances were of such a character, and the danger was so manifest and palpable that it must be held that the plaintiff assumed the risk of it.

*Exceptions sustained: verdict set aside: verdict and judgment for the defendants.*

All concurred.