CLARENCE BABCOCK, Respondent, *v.* RUTLAND RAILROAD COMPANY, Appellant.

Third Department, November 13, 1924.

Railroads — action under Federal Employers' Liability Act to recover for injury suffered by member of bridge crew when gasoline motor car jumped track — car had jumped track previously while plaintiff was riding — repairs then made were defective — assumption of risk — evidence presented question of fact whether plaintiff appreciated risk in use of car and dangers to be apprehended — instructions — prejudicial error to instruct jury that plaintiff did not assume risk arising out of defendant's negligence — error was not cured by subsequent instruction.

In an action under the Federal Employers' Liability Act to recover damages for injuries suffered by the plaintiff, a member of a bridge crew working on a railroad, when a gasoline motor car on which he was riding jumped the track, an issue of fact arose on the question of the assumption of risk, since it appears among other things that although the same car had jumped the track previously while plaintiff was riding on it and had then been repaired in such a way as to cause it to ride the tracks unevenly, still the plaintiff's immediate superior, a man of thirty years' railroad experience, who was personally operating the car, was unable to say that the car jumped the track at the time of the accident because of the defect in the repairing of the car. Under the circumstances developed by the evidence it cannot be held as a matter of law that the plaintiff appreciated the risk involved in the use of the car or the danger reasonably to be apprehended

from it; it cannot be said in view of the evidence that the danger was one suggested by the common knowledge which all possessed.

It was prejudicial error for the court to instruct the jury that the plaintiff did not assume the risks arising out of the negligence of the defendant, for such an instruction is contrary to the rules under the Federal Employers' Liability Act. This erroneous instruction which was repeated was not cured by a subsequent instruction involved in a long complicated proposition, since there was no retraction by the court of its erroneous statement of the rule relating to the assumption of risk.

APPEAL by the defendant, Rutland Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 27th day of November, 1923, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 13th day of December, 1923, denying its motion for a new trial made upon the minutes.

*Jarvis P. O'Brien*, for the appellant.

*John F. Murray* and *William H. Murray*, for the respondent.

COCHRANE, P. J.:

This action is under the Federal Employers' Liability Act,* the plaintiff having been injured while in the service of the defendant and engaged in interstate commerce work. He was one of a bridge crew which had been repairing a bridge and was returning from the work on a gasoline motor car. Ten men were on the car including the foreman who was operating it. It suddenly jumped the track and plaintiff was injured. About four months before the accident the front axle of the car was bent in a derailment which occurred. Plaintiff was aware of this fact, having been present at the time and having assisted in the procedure which resulted in the derailment. It was repaired by the bridge crew and continued in constant use until the time of the accident. Plaintiff rode on this car almost daily to and from his work as occasion might require but he never operated it himself. He testified that the car after its first derailment and after it had been repaired by the bridge crew wobbled and jolted and did not run true and that it jumped half an inch every revolution of the wheels.

As the case finally went to the jury the court instructed them that there was no evidence that the car was improperly operated by the foreman at the time of the accident nor that the roadbed or track was out of repair and that a verdict could not be found " simply from the fact that this accident happened." Under the charge of the court negligence has been predicated by the jury

* 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143.—[REP.

solely on the defective condition of the motor car. The defendant on this appeal does not dispute that the evidence was sufficient to go to the jury on that question of its negligence.

The main point urged is that the plaintiff assumed the risk of his employment arising from the defective condition of the motor car. In considering this question it must be kept in mind that under the Federal statute the common-law rule as to assumption of risk prevails. (*Seaboard Air Line Railway* v. *Horton*, 233 U. S. 492, 504.) The rule in that case was stated as follows: " When the employé does know of the defect, and appreciates the risk that is attributable to it, then if he continues in the employment, without objection, or without obtaining from the employer or his representative an assurance that the defect will be remedied, the employé assumes the risk, *even though it arise out of the master's breach of duty.*" (Italics mine.) So in *Boldt* v. *Pennsylvania R. R. Co.* (245 U. S. 441) the court said: " At common law the rule is well settled that a servant assumes extraordinary risks incident to his employment or *risks caused by the master's negligence* which are obvious or fully known and appreciated by him." (Italics mine.) The defendant contends that the complaint should have been dismissed as matter of law because the plaintiff had assumed the risk of his injury. It is argued with much plausibility that he was a railroad man of long experience; that he well knew the defective condition of this car both in its incipiency and in its manifestations after its first derailment down to the time of the accident resulting in his injury and that he had all the knowledge which his foreman possessed or with which the defendant was chargeable. That, however, is only a partial statement of what is involved in a consideration of whether he assumed the risk. There remains the question as to whether or not he appreciated the risk involved in the use of the car and the danger reasonably to be apprehended from its use, or to use the language employed in *Butler* v. *Frazee* (211 U. S. 459, 467) whether the danger was one " suggested by the common knowledge which all possess " and whether " both the conditions and the dangers are obvious to the common understanding." Here the conditions were obvious to the plaintiff but it is not so clear that the dangers were obvious. The plaintiff was under the immediate supervision of his foreman, a man of thirty years' railroad experience who was personally operating the car. It cannot be said that plaintiff was not entirely justified in placing some reliance on the judgment of his foreman. The latter was present and in charge of the work when the car was first derailed four months before the accident in question. It was imperfectly repaired by the crew under his supervision.

Under his supervision it had been in constant use for four months in the condition in which it was at the time of the accident. At that time eight men beside himself and the plaintiff were riding thereon. It cannot consistently be said under those circumstances that the danger was one " suggested by the common knowledge which all " possessed. It would be a violent assumption to say as a matter of law that these ten men as well as others who had used the car during the preceding four months were all cognizant of the danger which existed in the possibility that the car might jump the track. Furthermore the foreman as a witness for the defendant testified that he did not know what caused the car to leave the track. If he with his thirty years' experience could not explain the accident after its occurrence we can hardly say as matter of law that the plaintiff should have anticipated the accident before its occurrence. We conclude that on the entire evidence the question of assumption of risk was one for the determination of the jury.

The main charge of the court on the question of assumption of risk was as follows: " He did assume certain risks, but he assumed only those risks which were incident to the employment when those by whom he was employed, the defendant in this case, had exercised that care and prudence which a reasonably prudent man should have exercised under the circumstances in furnishing the car and the track, and having them in a condition which would bring safety to those who were using them. The assumption of risk on the part of the plaintiff when he entered the employ of the defendant does not mean that he assumed all risks. He did not assume risks where the defendant itself had neglected to do its duty in providing a safe place for him to work and safe machinery or safe appliances." That as we have seen was an erroneous statement of the law under the Federal statute. Under that statute a risk arising from the master's negligence might be assumed by the plaintiff. The defendant excepted and requested the court to charge the jury as follows: " I ask your Honor to charge that the plaintiff under the Federal Employers' Liability Law does assume all risks of his employment which are known to him, or which could have been known by the exercise of ordinary care by a person of reasonable prudence and diligence in like circumstances, and that he also assumes risks not naturally incident to the occupation, but which arise from the negligence of the master when he becomes aware of such negligence, and the risks arising therefrom, when such negligence and the risks that arise therefrom are apparent and obvious, and that an ordinarily careful person would observe the one and appreciate the other." To this

request the court responded: " If I understand the request I charge it, but say to you, gentlemen of the jury, that the plaintiff did not assume the risks coming from the negligence of the defendant, the defendant's wrongful or careless act.   The plaintiff is not responsible for those."   Here the error was repeated.   It is quite likely that the court subsequently at the request of defendant charged that the risk of an accident due to the negligence of the defendant might be assumed by the plaintiff.   But we are constrained to believe that the erroneous notion previously conveyed to the minds of the jury was not thereby eradicated.   The subsequent charge was involved in a long and complicated proposition. There was no retraction of the former error twice repeated in clear and unambiguous language.   From the entire charge it is more than probable that the jury entered upon their deliberations with an erroneous idea of the law on the question of assumption of risk. That question was a very important feature of the defense.   It was the right of the defendant to have the jury receive lucid and accurate instructions in respect thereto and we are of the opinion that they rendered their verdict under an erroneous conception of the law bearing on this branch of the case.

For this reason the judgment and order. should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.