## PENNSYLVANIA R. CO. v. LUTTON.

Circuit Court of Appeals, Sixth Circuit.
December 7, 1928.

No. 5043.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

John Ruffalo, of Youngstown, Ohio (Ruffalo & Wall, of Youngstown, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Lutton was brakeman on a freight which entered the Youngstown yards, moving east upon the south or main passenger track. His train, after stopping in the yard, was ordered to cross over to the next track south, called the east-bound freight. This cross-over or ladder track, running southeasterly, was substantially a continuation of a yard lead track, which came up from that direction and led into the east-bound freight at a point immediately east of its junction with the cross-over. The switch stands, operating the respective points, were six feet apart. Lutton went down toward the west switch stand to throw that switch. He saw a light engine and tender without cars coming toward him on the yard lead track, and signaled them to stop. They did so, but not until the forward point of the engine was upon, or so close to, the south-bound rail of the east-bound freight that the latter track was not clear.

At this time Lutton was throwing this westerly switch, so that his train could come down the cross-over onto the east-bound freight. He says that, after observing that the track was thus fouled, and that the east-bound switch had not been thrown to permit the light engine to come forward, he assumed that it would back away, because, according to the custom of the yard, his train had the right of way; his switch having been thrown. He started back up the cross-over track toward his train, signaling his engineer to come ahead, and after walking some 10 feet the light engine without warning came up behind him and inflicted the injury for which he brought this suit. The defendant's testimony is that the crew of the light engine told Lutton that they would first come forward and then go back down the east-bound freight out of the way, and that in the exe-

cution of this plan they had moved a few feet, when Lutton suddenly stepped on the track ahead of them, and they could not avoid the injury. The case was submitted to the jury upon definitions of due care and ordinary care, as being due from each party to the other, and upon instructions as to contributory negligence and the last clear chance. The plaintiff had a verdict.

As we read the record, there was one simple issue of fact in the case, and no other open controversy, either of law or of fact. The case would have been appropriate for the submission of this clear and sharp issue, complicated by no other question as to liability. It is beyond question that this was a yard movement; that Lutton was a brakeman, moving about among the tracks along which engines and trains were in motion, or about to be; that he knew the light engine was about to move, and was physically equally able to go backward, away from him, or forward, toward him. Under these conditions, and excepting for the matter to be mentioned, the train crew had a right to assume that Lutton would look out for himself, and they were under no obligation to watch out for his safety, or to warn him, unless they saw him in danger. Aerkfetz v. Humphreys, 145 U. S. 418, 12 S. Ct. 835, 36 L. Ed. 758; Boldt v. Penn. R. R., 245 U. S. 441, 445, 446, 38 S. Ct. 139, 62 L. Ed. 385; Ches. & O. v. Nixon, 271 U. S. 218, 220, 46 S. Ct. 495, 70 L. Ed. 914.

It is not claimed that they did see him until too late for them to stop. Hence there could be no basis for any finding of negligence by defendant, save for the effect of the mutual agreement, or understanding, if there was one, that the light engine would go backward, and not forward. If there was such an understanding, rightly to be inferred from the facts and the custom, then Lutton was under no obligation to pay any attention to the light engine, and its crew were bound to assume that he might be (as he was) going back to his engine in the natural way, and were plainly negligent in running him down, without paying any attention to where he might be. Unless the engine crew knew, or should have known, that Lutton might have and rely upon such understanding, they were not at fault. The case was clearly not appropriate for an instructed verdict.

In this situation, neither party requested the submission of this simple issue. It may be inferred that each party hesitated to risk the case on that sharp test; at any rate, each seemed to be content with, if not to prefer, having the court give to the jury

general definitions and principles, thus perhaps hoping to get a favorable verdict, without troublesome reasons as to exactly how or why. Defendant took two exceptions to the charge as given. One was to the instructions upon the ground of the last clear chance. We agree with defendant's counsel that this rule can have no application to the facts of this case, because it applies only in succession to defendant's negligence and plaintiff's contributory negligence; while here, if there was no initial negligence by defendant, that is the end of the case, and, if such negligence is to be inferred from the facts, the same facts free the plaintiff from the charge of contributory negligence. However, the defendant's exceptions to the charge on this ground are so far confined to details in which it is doubtful whether defendant is right, and it is so uncertain just how far this rule was intended to be given to the jury as an independent ground of recovery that we cannot reverse for that reason.

The other exception is to the refusal of the request: "I think we are fairly entitled here to a charge that, under the circumstances mentioned by your honor, there was no duty upon the railroad company in this situation to either blow the whistle or ring the bell. It was purely a yard movement, and it was the duty of every yard employee to protect himself in situations of that kind."

If this request could rightly be construed as asking an instruction that there was no duty to give a warning signal, unless the duty had been created by the understanding that the light engine would go backward, the request should have been given. We do not see that it can be so narrowly interpreted. The "circumstances mentioned" by the court had included the plaintiff's contention that there was such an agreement and the defendant's contention to the contrary. The request assumed that the circumstances were as claimed by defendant, and, in that broad form, there was no error in the failure to give it.

The judgment must be affirmed.