### TENNESSEE R. CO. v. THOMPSON.
### No. 5729.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1931.

S. F. Fowler, of Knoxville, Tenn. (J. A. Fowler, of Knoxville, Tenn., on the brief), for appellant.

W. T. Kennerly, of Knoxville, Tenn. (R. L. Pope, Kennerly & Key, and Pope & Pope, all of Knoxville, Tenn., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The material facts in this case are stated in the opinion of this court on the first appeal. 33 F.(2d) 18. Upon the retrial there was a judgment for plaintiff. On this appeal it is contended that there was no evidence of negligence on the part of the defendant, that the plaintiff assumed the risk of his injury, and that the court erred in refusing to instruct the jury that he assumed the risks arising from the nearness of the side track to the main track.

It is insisted by appellant that there is a difference in the evidence on the two trials, in that on the second trial, it appeared that the defective car had been standing on the side track only a day or day and a half, and not for two days, as stated in the former opinion. This difference in the evidence seems to us immaterial. In the former opinion it was pointed out that the defendant allowed its "switch track to be obstructed with a car known by it to be so defective as to constitute an unusual danger to passengers and employees." To permit this to exist for a single day presented a question of negligence for the jury, for whatever might have been the duty of the lumber company to repair the car, the defendant cannot escape responsibility for failing to perform its duty of exercising ordinary care to furnish plaintiff a reasonably safe place in which to work. The evidence fails to show that defendant,

had any reason to expect prompt removal of the car by the lumber company not advanced on the former hearing—certainly no such reason as to acquit it of responsibility for failing itself to push the car back on the track a sufficient distance to avoid danger to trainmen.

On the second trial plaintiff stated, on redirect examination, that he was two or three car lengths, to the best of his judgment, from the south switch point at the time he looked ahead. This evidence, with his further testimony that what he meant when he asked the conductor at Devonia whether the Tioga side track was clear was whether there was room on the track to put other cars, is said by defendant to distinguish the case, on the question of assumption of risk, from that presented on the former record. While this statement of plaintiff as to the distance he was from the south switch varies from what was thought by this court to be the distance on the former hearing, we do not regard the difference as requiring a determination of assumption of risk in favor of defendant as a matter of law. The statement was of course an estimate, as was the further statement as to the lapse of time, about a minute. If the latter be accepted, the distance was five or six hundred feet. Besides, the condition of the standard was an unusual one, and, as said in the former opinion, "it does not follow that one seeing the car must have noticed how far the standards were projecting." In this view of the situation it is not important what plaintiff had in mind in making the inquiry at Devonia. Whether he assumed the risk of injury from unusual conditions remained, in our opinion, a question for the jury.

Counsel for defendant requested the court to instruct the jury that plaintiff assumed all risks of injury arising from the proximity of the main track to the side track. This the court did, adding that if, by the application of the law theretofore given, the jury should find that such condition was or constituted an ordinary and usual risk, and plaintiff knew of such condition or by the exercise of ordinary care could have known of it, there would be no liability for injury proximately resulting therefrom. The instruction as thus modified did not correctly state the law applicable to usual conditions, Boldt v. Pennsylvania R. Co., 245 U. S. 441, 38 S. Ct. 139, 62 L. Ed. 385; but we do not think the error was prejudicial, for the court told the jury specifically, elsewhere in the charge, that plaintiff assumed the risk of injury resulting from ordinary and usual conditions, and it was shown without dispute that the location of the tracks was a usual condition which appellant was bound to know. As the injury was caused by the projecting standard, an unusual condition, the jury could not have been misled by the addenda to the requested charge.

The judgment is affirmed.