# REESE, ADMINISTRATRIX, *v.* PHILADELPHIA AND READING RAILWAY COMPANY

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 608. Argued December 1, 1915.—Decided December 20, 1915.

A railroad is not to be held as guaranteeing or warranting absolute safety to its employés under all circumstances, but is bound to exercise the care which the exigency reasonably demands in furnishing proper roadbed, tracks, and other structures.

Failure to exercise such care constitutes negligence; but the mere existence of a great number of tracks close to each other in a ter-

minal where public streets are necessarily utilized is not enough to
support an inference of negligence.

In this case, brought under the Employers' Liability Act, the trial
court did not err in entering a non-suit for lack of evidence showing
failure of the carrier to provide a safe place for the employé to work
although the latter was killed by striking an obstruction while
leaning out from the engine which he was on.

225 Fed. Rep. 518, affirmed.

THE facts, which involve the validity of a judgment of
non-suit in a suit for death of a railroad employé under
the Employers' Liability Act, are stated in the opinion.

*Mr. George Demming* for plaintiff in error.

*Mr. William Clarke Mason*, with whom *Mr. Charles
Heebner* was on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of
the court.

Relying upon the Federal Employers' Liability Act,
plaintiff in error brought suit against the railway company
in the District Court to recover damages for her husband's
death, alleged to have resulted from the negligent and
improper construction and maintenance of its tracks in
too close proximity to each other.

At the conclusion of plaintiff's testimony, the trial
court, finding "no evidence of negligence or neglect to
provide him [the employé] with a safe place to work as
to the act he was performing at that time," entered a
non-suit and afterwards refused to take it off. This was
affirmed by the Circuit Court of Appeals (225 Fed. Rep.
518) upon the ground that the railroad "did not fail in
its duty to provide the deceased with a reasonably safe
place to work;" and the sole question for our considera-
tion is whether any other conclusion could be legitimately
drawn from the facts disclosed.

For use in shifting freight cars and making up trains, the defendant maintains, as a part of its Noble Street Yard, two parallel tracks running north and south along Front Street, Philadelphia, from which other tracks, curves and turnouts lead into different freight sheds, warehouses, etc. These were located and are maintained under an ordinance of the city according to plans duly approved by its officials. At and near the place of the accident the street is almost entirely occupied by them. The distance between such north and south tracks is much less than the general standard adopted by the company, and box cars moving thereon have barely enough room to pass. These conditions are obvious and have existed for fifteen years or more.

Deceased was a capable, experienced fireman in a night switching crew operating in the yard, which was properly lighted, and acquainted with the general conditions described. The cause was tried upon the theory that about midnight, November 18, 1912, while his engine was moving five miles per hour along one of the parallel tracks, he attempted to procure drinking water at a tap in the side, near the bottom, and three feet from the front of the tender; that in doing so his body was extended outside the line of both tender and engine and crushed by contact with a freight car standing on the other parallel track; and that the railway negligently constructed and maintained these tracks too near each other.

The rule is well settled that a railroad company is not to be held as guaranteeing or warranting absolute safety to its employés under all circumstances, but is bound to exercise the care which the exigency reasonably demands in furnishing proper roadbed, tracks, and other structures. A failure to exercise such care constitutes negligence. *Union Pacific Ry.* v. *O'Brien,* 161 U. S. 451, 457; *Choctaw, Okla. &c. R. R.* v. *McDade,* 191 U. S. 64, 67; *Myers* v. *Pittsburgh Coal Co.,* 233 U. S. 184, 191. A railroad yard

where trains are made up necessarily has a great number of tracks and switches close to one another (*Randall* v. *Balti. & Ohio R. R.*, 109 U. S. 478, 482); and certainly the mere existence of such conditions is not enough to support an inference of negligence where, as here, it is necessary to utilize a public street. Both the District Court and the Circuit Court of Appeals felt constrained to hold the evidence insufficient to carry the question of negligence to the jury, and, having examined the record, we are unable to say that they reached a wrong result. The judgment is

*Affirmed.* ·

MR. JUSTICE HUGHES and MR. JUSTICE PITNEY are of the opinion that upon the question of the defendant's negligence,—the only question upon which the court below ruled—there was sufficient evidence to go to the jury, and therefore dissent.