## DEAN v. H. KOPPERS CO.

(Court of Appeals of District of Columbia. Submitted January 6, 1920. Decided February 2, 1920.)

### No. 3279.

1. TRIAL ⬤═260(1)—REFUSING REQUESTED INSTRUCTIONS COVERED BY GENERAL CHARGE NOT REVERSIBLE ERROR.

  Refusing requested instructions fully and accurately covered in the general charge is not reversible error.

2. MASTER AND SERVANT ⬤═89(1)—ASSISTING TO MOVE WAGON WITHIN LABORER'S CONTRACT OF EMPLOYMENT.

  A laborer, who was hired to help around tanks and machinery being installed in a gas plant and to do what his foreman directed, and who was injured when assisting to move a wagon from which a tank had been removed, was within the course of his employment.

3. MASTER AND SERVANT ⬤═155(1)—WARNING UNNECESSARY WHERE TASK IS SIMPLE AND DANGER OBVIOUS.

  Where an employé was assisting to move a wagon by hauling on the tongue, and a wagon wheel struck an obstruction swinging the tongue against him, the defense of assumed risk cannot be defeated on the ground that employer gave no warning of the danger, since there is no duty to warn, where the duty is simple and any danger is obvious.

Appeal from the Supreme Court of the District of Columbia.

Action by Harry Dean against the H. Koppers Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. S. Duvall and W. G. Gardiner, both of Washington, D. C., for appellant.

Frank J. Hogan and Wm. H. Donovan, both of Washington, D. C. (Roger J. Whiteford, of Washington, D. C., on the brief), for appellee.

VAN ORSDEL, Associate Justice. This is an action in tort to recover damages for personal injuries sustained by appellant, plaintiff below, while in the employ of defendant corporation as a laborer.

It appears that defendant was engaged in installing gas appliances and apparatus for the Washington Gaslight Company in one of its plants in the city of Washington. On the day of the accident a wagon containing a large tank was backed up to the entrance to the building in which the work was being performed, and left standing. When the tank had been removed, plaintiff, with other workmen, was directed to move the wagon a distance of about two blocks. Plaintiff and another took hold of the tongue and a number of others pushed the wagon. The right front wheel struck an obstacle, swinging the tongue suddenly to

one side, striking plaintiff and inflicting the injuries complained of. From a verdict and judgment in favor of defendant, plaintiff has appealed.

In his declaration plaintiff alleges that defendant directed and required him to assist in moving the wagon, "which said work this plaintiff was not engaged to do and was not accustomed to do," and that defendant failed "to detail a sufficient number of its employés to assist this plaintiff in moving the said wagon." Defendant is also charged with failure to notify plaintiff "of any possible danger to him which might result from obeying its said orders."

[1] It will be observed that the failure of defendant to furnish a sufficient number of men to move the wagon with safety is alleged as the proximate cause of the injury. This issue was submitted to the jury and resolved against the plaintiff. Plaintiff assigns error in the refusal of the court to grant two instructions on this feature of the case. The court fully and accurately covered this issue in the general charge embracing the material points in the rejected prayers. Hence plaintiff was not prejudiced by the court's refusal to grant the prayers submitted.

[2] The court held that the contract under which plaintiff was employed covered the work in which he was engaged when the accident occurred. This is assigned as error. The ruling was based upon plaintiff's own evidence. He testified that when defendant's agent hired him "he said we were just to help around the tanks and the machinery that was going up and to do what the foreman told us to do." The evidence further tended to establish that he was employed as a mere laborer. His own testimony, however, forecloses his claim that he was not hired to perform the work in which he was engaged at the time the accident occurred.

[3] This brings us to the question of assumed risk—a doctrine which grows out of contract. This is coupled with the duty of the employer to instruct the employé of dangers attendant upon the duties assigned him. The duty of warning and instruction is not incumbent upon the employer where the duty assigned, as here, is simple and the dangers, if any, are obvious.

"The employé is presumed to see and understand all dangers that a prudent and intelligent person of the same age and experience, and with the same capacity for estimating their significance, would see and understand; and if he neglects to observe, and consequently remains in ignorance of perils of the employment, the fault is his own, not that of the employer." 18 R. C. L. 570.

The court, however, submitted the facts to the jury with a clear statement of the law of assumed risk applicable thereto, and the verdict of the jury is conclusive.

We find nothing to support the contention of plaintiff that assisting in the removal of the wagon was not within the scope of his employment, or that the risk was not as open and obvious to him as it was to the defendant.

The judgment is affirmed, with costs.

Affirmed.