MARY A. BURKE vs. THOMAS A. CRIMMINS.

SAME vs. ELLEN CRIMMINS.

Suffolk.   March 8, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Employer's liability: unlighted stairway, assumption of risk.

At the trial of an action for personal injuries, there was evidence that
the plaintiff had been engaged by an employment agency to work for
the defendant as a cook; that, owing to a storm, the electric lighting
in the defendant's house was out of order, and when the plaintiff ar-
rived at the house it was lighted only by kerosene lamps and candles;
that after reaching the house she went to the second floor to change
her clothes, using a rear stairway and hall; that there was no natural
light in this hall and stairway except such as came through a pane of
glass in the kitchen door; that ordinarily an electric light furnished
light from the lower hall; that the defendant accompanied the plaintiff
to the foot of the stairway with a candle or lamp and as she went up
the stairs she could see them distinctly from that light; that she was
accompanied to her room by another employee of the defendant and,
after changing her clothes, started down stairs unaccompanied, walking
along the hallway, and could see all right until she came to the stairs;
that she tried to light an electric light there, but fell down stairs. No one
warned her that the lights were out of order and she did not know it
before she reached the dark stairway.   A verdict was ordered for the
defendant.   *Held,* that
    (1) The rule that, when an employee enters the service of another,
he impliedly agrees to assume all the obvious risks of the place where
he is to be employed, applied;
    (2) The risk of injury was obvious and the plaintiff assumed it;
    (3) A verdict for the defendant properly was ordered.

TWO ACTIONS OF TORT, each for personal injuries alleged
to have been suffered while the plaintiff was in the employ
of the defendant.   Writs dated, respectively, February 27,
1922, and August 15, 1924.

In the Superior Court, the actions were tried together
before *Raymond,* J.   Material evidence is described in the
opinion.   At the close of the evidence, by order of the judge,
the jury found for the defendant in each action and the judge
then reported the actions to this court for determination.

*B. J. Killion*, for the plaintiff.

*E. J. Sullivan*, for the defendants.

CROSBY, J.   These are actions of tort to recover for personal injuries, and were tried together.   The defendants are husband and wife.   The plaintiff, a cook by occupation, had been engaged by an employment agency to work for the defendants, and went to their home on the morning of November 30, 1921.   Three days before, a severe storm, causing great damage to electric light wires in the district where the defendants lived, disabled the electric lighting in their house, and at the time of the plaintiff's arrival there it was lighted only by kerosene lamps and candles.   After reaching the house she went to the second floor to change her clothes.   The second floor is connected with the ground floor by a stairway in the rear which ascends from the lower hall; there was no natural light in this hall except such as came through a pane of glass in the kitchen door.   On the wall of the lower hall, opposite the stairway, there was an electric light fixture which ordinarily lighted the hall and stairway.

The plaintiff testified that the defendant Mrs. Crimmins went to the foot of the stairs and had a candle or lamp in her hand; that as she (the plaintiff) went upstairs, she could see the stairs distinctly from the light Mrs. Crimmins had; that a girl in the employ of the defendants went up with her and showed her her room; that after changing her clothes she decided to go down stairs; that as she walked along the hallway, she could see all right until she came to the stairs; that she "could hardly see the stairs it was so dark."   She further testified in direct examination as follows: "I started for the light, put my hand on the light to light it, and I had my left foot on the first stair, and I tried to reach the banister, and I couldn't find any banister, and before I could know anything I was gone."   She fell to the foot of the stairs. She testified that no one warned her when she went upstairs that the lights were out of commission; that there was no talk about lights when she was hired; that she did not know before she reached the stairway that it was dark.

The grounds of liability alleged in the declaration in each case are that the stairway was "improperly lighted, narrow,

abrupt and dangerous; that the defendant unreasonably and carelessly neglected to light, or properly light said stairway or keep the same safe for use." There is no evidence that the stairway as constructed and maintained was unsafe or in any way dangerous for use, apart from the evidence that it was not lighted when the plaintiff attempted to return to the first floor from her room. The only question, then, is, whether the defendants may be held liable if they failed to light the stairway. The familiar rule that when an employee enters the service of another he impliedly agrees to assume all the obvious risks of the place where he is to be employed applies to the case at bar. The plaintiff took the premises as she found them. It is only when the risk is not an obvious one that any duty is thrown upon the employer to warn. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 159. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412.

When the plaintiff left her room to return to the floor below and had reached the head of the stairs, upon her testimony she knew that they were not lighted; no warning that the place was dark could have given her any information that she did not already possess. She testified that before she attempted to find the electric button she could hardly see when she got to the edge of the stairs; that before she fell she saw the stairs were dark; that "They were like night to her." Finding herself in darkness, instead of returning to her room, or asking the girl who came up the stairs with her or some one else for assistance, she decided to descend the stairs in the dark, and while so doing she lost her balance and fell and received the injuries complained of. She knew and appreciated the fact that the place was in darkness before she started to descend the stairs. She was not misled as to the situation by any act or omission of the defendants. She must have known that, if she attempted to pass down this unlighted stairway, she was in serious danger of suffering bodily injury. The conditions and dangers being open and obvious, she must be held to have assumed the risk of injury. In these circumstances, verdicts for the defendants were directed rightly. *Campbell* v. *Abbott*, 176 Mass. 246. *Daley*

v. *Kinsman,* 182 Mass. 306.    *Benton* v. *Watson,* 231 Mass.
582.    *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587.

The case at bar is distinguishable from *Marwedel* v. *Cook,*
154 Mass. 235, *Faxon* v. *Butler,* 206 Mass. 500, *Foley* v.
*J. R. Whipple Co.* 214 Mass. 499, and other cases cited by
the plaintiff.

In accordance with the terms of the report, judgment is
to be entered for the defendants on the verdicts.

*So ordered.*