FREDERICK H. SMITH, DOING BUSINESS UNDER THE FIRM NAME OF SMITH ELECTRIC COMPANY, *Plaintiff in Error,* v. ELIZABETH E. HINKLEY, AND W. W. HINKLEY, HER HUSBAND, *Defendants in Error.*

Division A.

Opinion filed July 10, 1929.

Petition for rehearing denied August 1, 1929.

*Joseph S. White*, for Plaintiff in Error;

*McCoy & Finch*, for Defendants in Error.

ELLIS, J.—At 814 Lake Avenue in Lake Worth, Florida, there was a building occupied for business purposes by persons engaged as real estate brokers. One of the agencies was known as the Lackawanna Syndicate operated by two men named Bryant and another named Wepf. The

building was about twenty feet wide and fronted south on Lake Avenue. There was an awning in front of the building to which it was attached, extending partly over the sidewalk for the entire width of the building. The frame work of the awning consisted of galvanized pipes about an inch in diameter fastened together in the form of a triangle, the base attached to the front of the building by means of metal plates into which the ends of the pipes at the base of the triangle were screwed and the plates were fastened to wooden strips in size about 1″ x 4″, which strips were in turn fastened to the building. Upon the frame of the awning were placed corrugated galvanized iron sheets which served as the roof of the awning. There were no supports underneath the frame work of the awning.

The Lackawanna Syndicate desired to attach an electric sign to the front of the building above the awning. The sign was of metal framework and was about three feet long and two feet wide. Frederick Smith, who was engaged in business under the name of Smith Electric Company, was employed by the Lackawanna Syndicate to put the sign in place. His employees, who were engaged in doing the work, used the awning as a scaffold or place on which to stand while putting the sign in place. As they were executing the work under these conditions the awning tore loose from its fastenings on the west side and fell to the sidewalk. Mrs. Elizabeth E. Hinkley, a pedestrian on the sidewalk at the time the awning fell, was struck by it and severely injured.

The accident occurred in February, 1926, and the following May W. W. Hinkley brought an action against Smith for damages resulting from the injuries to his wife. He claimed five thousand dollars damages on account of money he was required to spend for the services of doctors, nurses, hospital fees, hotel bills, and because of the deprivation of

his wife's society and companionship for a period of about ten weeks.

At the same time Mrs. Elizabeth Hinkley and her husband brought an action against Smith for damages on account of the injuries she received and claimed ten thousand dollars damages.

There were four counts in each declaration. The two causes were consolidated under an order of the court upon motion of defendant's counsel. Demurrers to the first, third and fourth counts of the declarations were sustained. Thereupon amended declarations were filed each embracing three counts. Both declarations were framed in the same terms. Pleas of not guilty were interposed to the second and third counts of the amended declarations and demurrers to the first and fourth counts were interposed. No order seems to have been entered upon this demurrer. The amended declarations contained no fourth count and plaintiffs' counsel seem to have abandoned the first count as they joined issue upon the pleas to the second and third counts and proceeded to trial. Verdicts for the plaintiff in each case were rendered. In the W. W. Hinkley case the verdict was for twenty-one hundred and thirteen dollars and twenty-five cents and in the Elizabeth Hinkley case it was for the sum of two thousand dollars. A motion for a new trial was overruled and judgment was entered in each case.

The second and third counts of the two amended declarations are framed in similar terms. No difference exists between the counts of the same number in the two declarations in point of substance.

The two actions rest upon the alleged negligent act of the employees of Smith in using the awning as a scaffold or place upon which to stand while putting the electric sign in place. Count two alleged that they knew that it was

insecure and unsafe and being over a sidewalk where people were passing would injure some one or more of them if it should fall. The third count alleged that the employees of Smith knew or had reasonable cause to believe that the awning was unsafe for the purpose for which they used it and that it constituted a menace or danger to pedestrians using the sidewalk.

In drafting the second and third counts of each declaration the pleader made a part of the first count parts of them. Such practice was held to be permissible in F. C. and R. Ry. Co. v. Foxworth, 41 Fla. 1, 25 So. R. 338, 79 Am. St. Rep. 149, but the Court held that to be effective the reference should be definite and certain. In the Foxworth case the pleader "averred" in the following counts "each and every the allegations of the first count" which remained a part of the pleadings throughout the trial. In the case at bar the first count was abandoned. There was a demurrer to it which was not disposed of but the parties went to trial on the second and third counts which standing alone were incomplete. The first count being abandoned was no longer part of the case. It was as if it were out of the record, yet some part of it sought to be retained as part of the two counts upon which the parties went to trial. The point is not raised, however, and we will pass it.

We think there is no merit in any of the assignments of error.

Those which attack the legal sufficiency of the evidence to support the cause of action as developed by the declaration are without merit because the act of the employees of the defendant in using the awning as they found it with its inherent structural weakness and insufficiency for the purpose for which it was used was an act of negligence fraught with a high degree of danger to pedestrians who might have been using the sidewalk. Fault on the part of

the defendant is found in his failure, accompanied by implied knowledge of the unsuitableness of the awning for the purpose for which he used it and the probable result to pedestrians of such use, to observe the legal duty of making the awning safe for such use. If there had been no awning and he had constructed a scaffold for his use in putting up the sign and while using the scaffold it had fallen and injured the plaintiff he could not have escaped liability. Is he in any degree less liable because he used the awning unsuitable for such purpose as it apparently was? He placed two men upon the awning, leaned a ladder against it and added the weight of the electric sign and accessories. Was he legally within his rights to presume that the awning would support any weight he might have found it necessary to place upon it? Or was he bound to observe reasonable care to make sure that such use of the structure was accompanied by no danger to passers by? It is universally held that negligence is a failure to exercise the degree of care demanded by the circumstances. See Ruse v. Philadelphia etc. R. Co., 239 U. S. 463, 60 L. Ed. 384, 36 Sup. Ct. R. 134; Barrett v. Southern Pac. Ry. Co., 91 Cal. 296, 27 Pac. R. 666, 25 A. S. R. 186; Depur v. Flateau, 100 Minn. 299, 111 N. W. R. 1, 8 L. R. A. (N. S.) 485.

The rule is forcefully stated in the last case cited although the facts in that case differ from those of the case at bar. The rule, as stated, is as follows: ''Whenever one person is by circumstances placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he would cause danger of injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger.''

Assignment of error numbered six relates to the testimony of a nurse at the hospital to which Mrs. Hinkley was carried for treatment. The witness testified from a record which she had made of the case at the time as to what she did for the patient. It was insisted that the record itself was the best evidence. The objection is without merit. Where a witness has no independent recollection of the facts but states that he reduced them to writing at a time when he had a perfect recollection of them, he may refer to such writing. He may use a writing when it is used to assist his memory, his recollection of the fact being imperfect. 11 Ency. of Ev. 99; Adams v. Board of Trustees I. I. Fund, 37 Fla. 266, 20 So. R. 266.

Assignments numbered eight and fifteen rest upon the following incident which occurred during the taking of testimony and after counsel had argued the case before the jury. Plaintiff's counsel sought to show by one of the plaintiffs in the case that the defendant was fully indemnified by liability insurance. The court upon objection excluded such evidence.

After the argument of the case. by the counsel for the respective parties the defendant's counsel made the following statement:

"I would like to have exceptions noted to certain remarks before the jury, attorney for the defendant excepts to certain remarks made by the attorney for the plaintiffs in his closing argument to the jury, the remarks being as follows: 'It is not because Mr. Smith did not want to pay these claims that we are here; we tried to show you what he had to say about this and they wouldn't let us.' "The other remark: 'Mr. Smith was very fair about this, we had no trouble about him'."

The court overruled the objection and defendant excepted.

The objection was not preserved in such manner as to present it to this Court. The manner in which objectionable statement by counsel in arguing a cause before the jury may be excepted to as improper has been pointed out by the court in many cases. When counsel do not observe the rules their failure to do so is always at the peril of their clients. See Willingham v. State, 21 Fla. 761.

Statements of fact in a motion are not evidence of the facts related therein. Nichols v. State, 86 Fla. 208, 98 So. R. 497.

. All that the bill of exceptions discloses is that after the argument of the case counsel desired to have an exception noted to certain remarks made by counsel for plaintiff. But, as pointed out in the Willingham case, there is no such thing as review by this Court of the propriety of counsel's remarks in argument but the review is of the court's ruling thereon at the time the objection to the remark is made.

So far as the record in this case shows to the contrary defendant's counsel never objected to the alleged remarks or if he did the court sustained the objection and instructed the jury accordingly, *non constat* but that defendant's counsel waived the objection. The record does not show that any objection was made, but merely an exception was desired to be taken to a transaction which he said occurred. No objection to the alleged remark was made at the time and the court was given no opportunity to rule upon it.

The remaining assignments of error are based upon an erroneous theory of the case from the view point of the defendant's liability and need not be considered.

The judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.