FITZPATRICK v. FOWLER.

No. 9663.

United States Court of Appeals
District of Columbia.

Argued Jan. 27, 1948.

Decided May 10, 1948.

Mr. Ralph A. Cusick, of Washington, D. C., for appellant.

Mr. Daniel W. Donoghue, Jr., of Washington, D. C., with whom Mr. John J. Leahy, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, CLARK and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

The action giving rise to this appeal was instituted by appellant in the District Court to recover damages from her employer for personal injuries. It was al-

leged by appellant that the injuries were sustained by reason of appellee's negligence in maintaining a dangerous place of employment, and that the danger was known to appellee but unknown to appellant. At the conclusion of appellant's case the trial court directed a verdict in favor of appellee. This appeal followed.

Appellant, whose occupation is that of a waitress for private families, was engaged in that capacity by appellee shortly before May 1, 1941. On that date appellee and her servants, including appellant, moved into the premises at 2808 N Street, N. W., Washington, D. C. Appellant's principal duties there were to wait on table, and to clean and dust the dining room. After performing her duties in a routine manner for two weeks, appellant served dinner to appellee and two guests on the evening of May 15, 1941. Afterwards, as she was clearing the table, appellant turned from the table to replace a bottle of wine on the sideboard; as she did so, according to her testimony, her foot "caught in something" which caused her to fall and break her hip.

Appellant testified that while she was lying on her back awaiting arrival of the ambulance, she looked toward her left heel and saw what she described as a "tear" in the linoleum which covered the dining room floor. She said she had not seen this defect in the floor covering previously and had no idea how it got there. In her complaint, however, appellant alleged that the linoleum was "in blocks 4 or 5 inches square," and that it was, "close to the waiting table where the plaintiff served, broken, and part of one block was removed, leaving a depression which was not apparent to the plaintiff and was unknown to her."

Appellee, called as a witness by appellant's counsel, testified that on the first day she occupied the house she observed two squares missing in the cork linoleum on the dining room floor. She testified further that this "unsightly" defect was promptly reported to the agent of the house owner, but that it had not been corrected at the time the accident occurred which caused injury to appellant. The linoleum was described by appellee as being about three-fourths of an inch in thickness, green in color, with a pattern design.

Under cross-examination appellant testified that she had mopped the dining room at least every other day during the two weeks prior to her accident; that she performed this task in the day-time, and that she was thorough in her work. She said the room received little natural light because of its location and the surroundings, so she usually turned on the electric lights while she was working. Nowhere did she assert that the electric lighting fixtures were inadequate to provide sufficient illumination in the room. Also, she testified that she sometimes opened the door which led from the dining room outside to the garden, when the weather permitted, while she was engaged in her cleaning duties in the dining room.

■ Negligence is attributed to appellee by appellant as the cause of her fall, upon the premise that appellee knew of this unsafe condition of the floor, and failed to give warning thereof to appellant who had no knowledge of the unsafe condition. It must be observed that appellant attempts to treat the "tear" in the linoleum as being identical with the "missing squares" observed by appellee immediately after the latter moved into the house. There is no dispute that the accident occurred at the place where the linoleum squares were missing. Appellant made no showing that there was an actual tear in the linoleum, known to appellee and unknown to her, or that the tear she described was not a misconception which might easily arise out of the poor view she had of the floor area near her heel while she was in a supine position, immediately after her fall, at a time when the room was illuminated only by candle-light. This being the case, there appears no escape from the conclusion, reasonably drawn from appellant's own testimony, that she must have observed this defective condition in the floor covering some time prior to the accident, or should have done so in the exercise of reasonable care. Cf. Landfair v. Capital Transit Co., 1948, 82 U.S.App.D.C. ——, 165 F.2d 255.

■ This conclusion vitiates appellant's argument that the trial court erred in

refusing to submit the question of appellee's negligence to the jury. Justice Van Orsdel, delivering the opinion of this court in Anderson v. Smith, 1910, 35 App.D.C. 93, said: "The burden is on the plaintiff to establish negligence on the part of the defendant. Such negligence cannot be presumed, and may only be inferred from facts showing undisclosed knowledge of a condition which exposes the employee to a peculiar danger unknown to him, and which he could not, with the exercise of ordinary prudence and intelligence, have observed." (Page 95, of 35 App.D.C.) It is true that appellee was under a duty, as an employer, to furnish her employees with a reasonably safe place to work. Bailey v. Central Vermont Ry., 1943, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Decatur v. Chas. H. Tompkins Co., 1928, 58 App. D.C. 102, 25 F.2d 526, 60 A.L.R. 402; Green v. Pyne, 1923, 53 App.D.C. 271, 289 F. 929; Gibson v. Gernat, 1920, 50 App. D.C. 3, 267 F. 305. But this legally imposed duty does not make the employer liable as an insurer, Reese v. Philadelphia and R. Ry., 1915, 239 U.S. 463, 36 S.Ct. 134, 60 L.Ed. 384; Restatement, Agency § 492 (1933); 35 Am.Jur., Master and Servant § 183 (1941); and this court has stated explicitly that the correlative duty of giving warning and instruction is not incumbent upon the employer where the duty, as here, is simple and the dangers, if any, are obvious. Dean v. H. Koppers Co., 1920, 49 App.D.C. 230, 231, 263 F. 626. See 35 Am.Jur., Master and Servant § 148 (1941). It is clear on the record before us that appellant failed to adduce the requisite evidence tending to impute negligence to appellee.

This brings us to the question of assumption of risk. Appellant contends it was error for the court below to hold that appellant assumed the risk causing the injury. But we find it well established that an employee assumes not only the ordinary risks incident to his employment, but also any extraordinary risks which are obvious or fully known and appreciated by him. Boldt v. Pennsylvania R. R., 1918, 245 U.S. 441, 38 S.Ct. 139, 62 L.Ed. 385; Wheelock v. Freiwald, 8 Cir., 1933, 66 F. 2d 694; Standard Oil Co. of Louisiana v. Martin, 8 Cir., 1927, 21 F.2d 912; Union Pac. R. R. v. Marone, 8 Cir., 1917, 246 F. 916; Huels v. General Electric Co., 1946, 134 N.J.L. 165, 46 A.2d 654; Fasekis v. J. J. Newbury Co., 1945, 93 N.H. 468, 44 A.2d 817; Le Vonas v. Acme Paper Board Co., 1944, 184 Md. 16, 40 A.2d 43; 35 Am.Jur., Master and Servant §§ 307, 308 (1941). This ruling has been made with specific regard to domestic servants. Burke v. Crimmins, 1926, 256 Mass. 14, 152 N.E. 43; Moriarty v. Miller, 1916, 99 Neb. 614, 157 N.W. 329; Herold v. Pfister, 1896, 92 Wis. 417, 66 N.W. 355. The plain import of the common law doctrine of assumption of risk is that if the employee knew of the dangerous condition, or could have known of it by the exercise of reasonable care, he should be held to have assumed the risk incident to such danger, for he is presumed to see and understand dangers that a prudent person would see and understand, which he might protect himself against by exercising reasonable care for his own safety. Southern Pac. Co. v. Berkshire, 1921, 254 U.S. 415, 41 S.Ct. 162, 65 L.Ed. 335; Gila Valley, G. & N. Ry. v. Hall, 1914, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521; Standard Oil Co. of Louisiana v. Martin, supra; Staubley v. Potomac Elec. Power Co., 1903, 21 App.D. C. 160; City of Decatur v. Eady, 1917, 186 Ind. 205, 115 N.E. 577, L.R.A.1917E, 242. And where the risk of danger was or must have been known to the injured employee, it is immaterial that it may have been forgotten at a critical moment. New York, C. & St. L. R. R. v. McDougall, 6 Cir., 1926, 15 F.2d 283.

The appellant in this case was mature, experienced in her work, and by her own testimony she performed her tasks, one of which was to clean the dining room floor, in a thorough manner. There was no reason to believe she could have overlooked such an obvious defect in the floor covering as that which she alleged to be the cause of her fall. Considering the law which governs a case of this nature, we are of the opinion that the trial court committed no error in withdrawing this case from the consideration of the jury.

Affirmed.