46 So.2d 485 (1950)
SEABOARD AIR LINE R. CO.
v.
GENTRY.
Supreme Court of Florida, Special Division A.
May 26, 1950.
Rehearing Denied June 16, 1950.
*486 Fleming, Jones, Scott & Botts, Jacksonville, for appellant.
Bedell & Bedell, Chester Bedell, Jacksonville, and Thomas J. Lewis, Atlanta, Ga., for appellee.
TERRELL, Justice.
Appellee as plaintiff brought an action against appellant as defendant under Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries alleged to have been caused by defendant's negligence in providing plaintiff a safe place to work. A demurrer to the declaration was overruled, a trial resulted in a verdict and judgment for the plaintiff in the sum of $3,500 from which defendant has appealed.
The pertinent part of the declaration is as follows: "the defendant negligently failed to provide plaintiff a reasonably safe place in which to perform his said duties in this, to-wit: that the ground along which plaintiff was obliged to run to overtake and board said caboose was approximately 30 inches below the level of the track so that it was necessary in boarding the caboose to step upon the ballast upon which the track was constructed and at that place the ballast was coarse and loose and insecurely packed and did not afford plaintiff a secure footing for boarding the said caboose."
At the time of the accident that resulted in the injury, plaintiff was employed as a flagman by the defendant. He alighted from a slowly moving freight train to close a switch. When he threw the switch as the train cleared, it was traveling from two to five miles an hour. He ran and overtook the train and as he was about to take hold of the grab iron on the rear of the caboose to get aboard, the ballast gave way under his feet, threw him to the ground, skinned both hands and knees badly and dislocated his knee cap.
It is admitted that at the time plaintiff was injured the train was being operated without negligence, that the accident took place in clear daylight and that the plaintiff was on duty at the time. It is also admitted that the plaintiff ran about 30 feet to overtake the train, after he closed the switch, that the berm or ground traversed *487 by plaintiff to overtake the train was about 30 inches below the level of the track and that the step on the caboose was 22 to 24 inches above the rail. The slope in the ballast from the head of the ties to the berm was 53 inches.
It is first contended that the declaration failed to state a cause of action under the Federal Employers' Liability Act, the part pertinent to this case being as follows: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." § 1.
Since it is admitted that the train was being operated at the time of the accident without negligence, the question is reduced to that of whether or not defendant exercised such care as the Federal Employers' Liability Act requires to furnish plaintiff a reasonably safe place to work. In other words, did the declaration allege such a duty and was the evidence sufficient to show that it was violated.
The rule is well settled that an employer is not required to warrant an employee absolute safety under every condition. He is required to exercise such care as the exigency of the circumstances reasonably require. The law requires the employer to take care that its track and other structures, roadbed and other appliances are built and kept in condition to protect the safety of its employees. The Federal Employers' Liability Act does not make the employer the insurer of the safety of his employees while on duty. The basis of liability under the act is negligence and not the fact that injury occurred. The negligence of the employer must be in whole or in part the cause of the injury. Tenant v. Peoria & P.U.R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Ellis v. Union P.R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Reese v. Philadelphia & R.R. Co., 239 U.S. 463, 36 S.Ct. 134, 60 L.Ed. 384.
Since there is no charge that the train was negligently operated, the point here is whether or not the ballast supporting the road was properly placed and preserved. This was essentially an engineering question and the courts generally trust to experts in that line for an answer to the question. Bailey v. Central Vermont Ry., 113 Vt. 8, 28 A.2d 639, Id., 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444. The only allegation as to the ballast was that it was coarse, loose and insecurely packed and did not afford plaintiff a secure footing to board the caboose. It is also alleged that the berm was about 30 inches below the track, and that it was necessary for plaintiff to step on the ballast in order to board the caboose, but such allegations are not sufficient to charge the defendant with negligence.
In so holding we do not overlook the contention that the 1939 amendment to the Federal Employers' Liability Act abolishes the defense of assumption of risk and that the Supreme Court of the United States has so held. Tiller v. A.C.L.R.R. Co., 318 U.S. 54, 63 S.Ct. 444, 446, 447, 87 L.Ed. 610. We do not think this and other cases mean that the negligent act or omission must not be charged and proven.
Since the amendment of 1939 the Supreme Court of the United States has approved the doctrine that negligence is the basis of liability under the act and that such negligence must be the cause of the injury. It therefore necessarily follows that the plaintiff must allege and prove negligence in the maintenance of the track. We find no evidence showing that the track was negligently maintained or kept up to standard. The fact that plaintiff was injured in line of duty is not sufficient to establish negligence. It must be alleged that defendant negligently failed to furnish plaintiff a safe place to work, the negligent act or omission must be shown and proven and it must be shown *488 that it was the proximate cause of the accident which resulted in the injury.
The record shows that the plaintiff was injured but the fact that the "ballast was coarse and loose did not afford plaintiff a secure footing" when coupled with the proof that it "rolled under my feet and throwed me right in that ballast bed" is not sufficient to show that the injury was directly traceable to the negligence of defendant or had a direct causal connection with it. Injury from mere accidents for which defendant is in nowise responsible is not compensable. The evidence fails to show that defendant committed any act that it ought not to have committed or omitted to perform any duty required of it. Atlantic Coast Line Railroad Company v. Coleman, 5 Cir., 182 F.2d 712.
Reversed with directions to the trial court to enter final judgment for the defendant.
ADAMS, C.J., and CHAPMAN and THOMAS, JJ., concur.