ROBERTS, Justice.
This is an appeal by the defendant from a verdict and judgment in favor of plaintiff in a suit filed by him against the defendant under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51, to recover damages for personal injuries allegedly sustained by him because of the negligence of the defendant in failing to provide him with a reasonably safe place to work. On this appeal, the defendant contends, inter alia, that the evidence was not legally sufficient to support the jury’s verdict, so that the trial' "judge erred in refusing to direct a verdict in its favor. Because of the view which we entertain as to this question, it is unnecessary to refer to or answer the other question propounded by the defendant."
*916 In cases arising under the Act in question, this court is required to determine questions relating to the negligence of the employer in accordance with the principles of law established and applied by the Federal courts. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. It might be well to re-state them at the outset, as follows:
The Federal Employers’ Liability Act does not make the railroad company the insurer of the safety of its employees while they are on duty. The basis of its liability is its negligence, not the fact that injuries •occur. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. As in other negligence cases, the issue of negligence is ordinarily for the jury to determine, and “a jury should hold a master ‘liable for injuries attributable to conditions under his control when they are not such as a reasonable man ought to maintain in the circumstances’, bearing in mind that ‘the standard of care must be commensurate to the dangers of the business.’ Tiller v. Atlantic C. L. R. Co. [1943], 318 U.S. 54, 67, 63 S.Ct. 444, 451, 87 L.Ed. 610.” Wilkerson v. McCarthy, 1948, 336 U.S. 53, 61, 69 S.Ct. 413, 417, 93 L.Ed. 497. “Only where there is a complete absence of probative facts to support the conclusion reached does a reversible error appear.” Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 744, 90 L.Ed. 916.
The facts developed by the evidence were as follows: The plaintiff was injured while changing an “outside” brake beam, weighing 118 pounds, underneath a Pullman car. He was assisted by three men on the outside of the car. In Order to disengage the beam from belts which supported the beam after it was uncoupled, so that it would not hang on the belts as it was being pulled to the outside of the car, it was necessary for the workman underneath the car to assume a sitting or squatting or stooping position. The plaintiff, while in a squatting or stooping position, and in the process of disengaging the beam from the belts, slipped and, fell back against a switch box which was a permanent fixture extending down from the floor of the car, injuring his back. The roadbed of the track upon which the car was situated was filled with sand and gravel, and there was no evidence that on this particular evening it differed in any way from its usual and normal condition. The accident happened at night, and the plaintiff had the usual lighting of a carbide lamp and a flashlight. There was evidence that an electric light on a drop cord was available, upon request, although plaintiff testified his request was not complied with until after the accident. The plaintiff testified that he did not know what caused him to slip.
There was evidence from which the jury could have found that space was available on this particular evening on a track over a pit in which the plaintiff could have assumed a standing position while changing the beam. Two of plaintiff’s witnesses testified that it was “safer” to do the work in a pit, and several said it was “easier,” and all testified that they would rather do the work in a pit than on a flat track for that reason. None of them said that it was not safe to do the work on a flat track. Much testimony was devoted to the lighting and footing in a pit, as compared with that on a flat track. It was also shown that, if the car had been over a pit, the plaintiff could have had the assistance of a helper inside the pit.
, It was shown that it was the custom of the defendant to have outside brake beams changed on a flat track. The defendant’s general car foreman, who was called as a witness for plaintiff, testified that it was not “necessary or required” to move a car over a pit to do this work, and that it would not have been possible to get the trains out on time if they had to switch to a pit each car that had to be worked on. A witness employed by another railroad company testified that it was the custom of his company to change brake beams over a pit “if it was convenient.” There was no evidence that the defendant’s officers or supervisory employees had ever been requested to change its custom respecting the changing of outside brake beams. The plaintiff, during his years of railroad service, had changed brake beams both on a flat track and in a pit. He *917 had been injured two years before by bumping into a projection on a car while emerging from a pit after changing a brake shoe ■on the car.
From what has been said, it is apparent •that the plaintiff sought to prove the issue made by the pleadings — that is, whether the •defendant was negligent in failing to provide him with a reasonably safe place to work — by showing that the footing and lighting were better in a pit, where plaintiff •could have had a helper, and that it was ^unreasonable — and thus negligent — for defendant to require him to do the work on a .flat track when a pit was available. There ■can be no doubt that there were sufficient “probative facts,” if believed by the jury, to show that it was easier and safer to .change a brake beam in a pit rather than on a flat track. But we know of no rule of law which requires a railroad company to provide a workman with an easier and safer place to work if the one provided is, as a matter of fact, reasonably safe. The plaintiff leaves unanswered the question — inher•ent in the problem — of whether the defendant would have been guilty of negligence if no track over a pit had been available on this particular evening, or if it had been found necessary to change a brake beam on a flat track out on the road, rather than in a yard. Is a flat track a reasonably safe place to change a brake beam if no pit is available, and is it not reasonably safe if one is? The question answers itself.
On the issues of whether a flat track is a reasonably safe place for the operation in question and, if not, was its unsafe condition the proximate cause, in whole or in part, of the plaintiff’s injuries— which were the only issues properly before the jury — the evidence was indeed meager and, in our opinion, insufficient to justify this court’s affirming a judgment which would have the effect of requiring the defendant to change its operational policy as to this particular operation, under penalty of being held responsible in damages if it fails to do so. This is particularly true in view of the fact that the plaintiff is seeking to hold the defendant liable for a customary practice of long standing which neither he nor any other workmen, so far as the record shows, had ever complained about to the defendant’s officers or supervisory employees.
While we will not hestitate to affirm a judgment based upon negligence in an operational policy when the unsafe nature of that policy is made apparent, Seaboard Air Line R. Co. v. Hardee, Fla., 1951, 54 So.2d 809, we have a corresponding duty to reverse such a judgment “where there is a complete absence of probative facts to support the conclusion reached”. So long as the Congress of the United States, by its lawful Acts, requires proof of negligence on the part of a railroad company before it can be held responsible for its industrial accidents, just so long must we require strict adherence by the lower courts to the common.-law concept of negligence, which is that “the negligent act or omission must be shown and proven and it must be shown that it was the proximate case of the accident which resulted in the injury.” Seaboard Air Line R. Co. v. Gentry, Fla., 1950, 46 So.2d 485, 487.
For the reasons stated, the judgment appealed from is reversed with directions to enter judgment for the defendant.
DREW, C. J., TERRELL, J., and PARKS, Associate Justice, concur.