BARKDULL, Chief Judge.
Appellants, plaintiffs in the trial court, appeal from an adverse directed verdict.
The complaint sought recovery for personal injuries allegedly sustained while the plaintiff, Birdie Mae Cox [a domestic servant] was engaged in changing a light bulb in the home of her employers, the defendants, and while on a stepladder. She alleged that as she commenced to climb the ladder it began to shake, and the defendant-appel-lee, Mrs. Wagner, undertook to steady the ladder so that the plaintiff could complete the installation of the light bulb. Thereafter, while the plaintiff was still up on the stepladder, the appellee, Mrs. Wagner, released her hold on said ladder [which had been steadying it] and left the room to answer the front doorbell. Thereafter, the plaintiff fell from the ladder, suffering injuries.
*528 The evidence offered by the plaintiff tended to support the charge in the complaint, all reasonable inferences on a directed verdict being resolved in favor of the party moved against. See: Huff v. Belcastro, Fla.App.1961, 127 So.2d 476; Ahearn v. Florida Power and Light Company, Fla.App.1961, 129 So.2d 457. It appearing that the defendant, Mrs. Wagner, having undertaken to steady the ladder while the plaintiff was upon it, she was under a duty to continue such assistance until such time as the plaintiff no longer occupied a hazardous position. See: Smith Electric Co. v. Hinkley, 98 Fla. 132, 123 So. 564; Banfield v. Addington, 104 Fla. 661, 140 So. 893.
Therefore, the order of the trial judge directing the verdict is hereby reversed, and this cause is remanded for a new trial.
Reversed and remanded with directions.