KAHN, Judge.
This juvenile case presents the question of whether a “juvenile arraignment citation” constitutes a court order for purposes of Florida’s criminal contempt statute.[1] Noting that a “juvenile arraignment citation” is a creature of neither statute nor rule, we vacate the contempt order entered against M.L.B.
*1258 The record before us reveals that on June 14, 1991, an employee of the Department of Health and Rehabilitative Services (HRS), identified only as “E. James,” issued a juvenile arraignment citation indicating that M.L.B. had been arrested for trespass by Officer J.W. Dyal, and for such offense would be assigned a court date of July 5, 1991 at 8:30 a.m. Mildred P. Harvey signed the citation as the “person accepting responsibility for child.” The individual identified as E. James signed a blank on the citation denominated “signature of person.” No information contained in the citation or presented otherwise in this record, indicates who E. James is, or what James- position of responsibility within HRS is. The citation is generally the same size and shape as a traffic citation and contains at the bottom, in printed form, the name of Henry W. Cook, Clerk of the Circuit Court for Duval County.
M.L.B. did not sign the citation, and the record does not indicate whether M.L.B. ever received or even saw a copy of the citation. The printed wording above the signature of Mildred P. Harvey reads as follows:
I (am/am not) the child’s parent/or guardian.[2] I acknowledge release of the child into my custody and I agree to bring the child to Juvenile Court at the above date and time. Appropriate dress is required, boys shall wear shirts and ties and girls shall wear a dress or other appropriate courtroom attire. Shorts, T-shirts, tank top shirts and similar attire are not permitted.
Needless to say, M.L.B. did not appear for his July 5, 1991 court date. Accordingly, an order was issued requiring the sheriff to take M.L.B. into custody for failure to appear in court. Five months later the authorities located the child, detained him, and produced him in court on December 10, 1991. At this time the trial court issued an order requiring M.L.B. to show cause why he should not be held in contempt of court for his failure to appear pursuant to the juvenile arraignment citation. After hearing argument, the court found M.L.B. to be in contempt, and sentenced him to 30 days in detention, suspending all but six days of the sentence.
Without question, the power to punish contempts is inherent in the courts. State ex rel. Franks v. Clark, 46 So.2d 488, 489 (Fla.1950). In regard to violation of a court order being the basis for contempt, section 38.23, Florida Statutes (1991), provides:
A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly.
The state has argued that the juvenile arraignment citation issued to M.L.B. constitutes a court order for purposes of section 38.23, and accordingly the trial judge had full authority to punish the child for not appearing in court. The state appears to reason that the juvenile arraignment citation is the same as a Notice to Appear issued pursuant to Rule 8.045, Florida Rules of Juvenile Procedure. This rule, which generally authorizes the issuance of a notice to appear as an alternative to taking a child into custody, provides in pertinent part as follows:
(a) Definition. A notice to appear, unless indicated otherwise, means a written order issued by a law enforcement officer or authorized agent of the department, in lieu of taking a child into custody or detaining a child, which requires a child accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(c) By Departmental Agent. If a child is taken into custody by an authorized agent of the department as provided by law, or if an authorized agent of the department takes custody of a child from a law enforcement officer and the child is not detained, the agent shall issue a notice to appear to the child upon the *1259 child’s release to a parent, responsible adult relative, or legal guardian.
(d) How and When Served. If a notice to appear is issued it shall be prepared in sextuplícate. One copy of the notice shall be delivered to the child and 1 copy shall be delivered to the person to whom the child is released. In order to secure the child’s release, the child and the person to whom the child is released shall give their written promise that the child will appear as directed in the notice by signing the remaining copies. One copy is to be retained by the issuer and 3 copies are to be filed with the clerk of the court. These 3 copies shall be sworn to by the issuer, a notary public, a deputy clerk, or an authorized agent of the department.
(e) Distribution of Copies. The clerk shall deliver 1 copy of the notice to appear to the state attorney and 1 copy to the department and shall retain 1 copy in the court’s file.
(f) Contents. A notice to appear shall contain the following information:
(1) The name and address of the child and the person to whom the child was released.
(2) The date of the offense(s).
(3) The offense(s) charged by statute and municipal ordinance, if applicable.
(4) The counts of each offense.
(5) The time and place where the child is to appear in court.
(6) The name and address of the trial court having jurisdiction to try the offense(s) charged.
(7) The name of the arresting officer or authorized agent of the department.
(8) The signatures of the child and the person to whom the child was released.
(g) Failure to Appear. When a child signs a written notice to appear and fails to respond to the notice, an order to take into custody shall be issued.
(h) Form of Notice. The notice to appear shall be substantially as found in form 8.930.
As can be seen, the rule references form 8.930, which is the Juvenile Notice to Appear. The Juvenile Notice to Appear, as it appears in the supreme court compilation of forms, provides a blank for the child’s signature and promise to appear in court at the appointed time. Fla.R.Juv.Proc. 8.045(f)(8), (g).
In truth, we need not even reach the question of whether the juvenile arraignment citation comports with Rule 8.045, and accordingly whether its violation is punishable by contempt, since Rule 8.045, and form 8.930, were added to the juvenile rules effective July 1, 1991, In re Petition of the Florida Bar to Amend the Florida Rules of Juvenile Procedure, 589 So.2d 818 (Fla.1991), and the citation forming the basis for the contempt order in this case was issued on June 14, 1991. Prior to the enactment of Rule 8.045, however, a statutory procedure existed which allowed the person taking a child into custody to release the child to a parent, guardian, legal custodian, or any responsible adult. This particular statute, section 39.038, Florida Statutes (1991), requires that the person to whom a child is released must agree “to produce the child in court at such time as the court may direct.” While not necessary to the disposition of this appeal, we would note that the foregoing statutory directive, taken from section 39.038(2)(a), Florida Statutes (1991), is mandatory as to the parent, guardian, legal custodian, or other responsible adult to whom the child is released, but does not in any way address the responsibilities of the child. The language, “as the court may direct” seems to contemplate issuance of process which would require attendance at a given time and place.[3]
Rule 8.045, on the other hand, requires, among other things, that the notice be issued to the child, that a copy be delivered to the child, and that the child sign the notice. Accordingly, even had the rule been in effect at the time the present cita *1260 tion was issued, the citation is, on its face, insufficient to show compliance with the rule, as ultimately adopted.
However blameworthy M.L.B. might have been for his failure to appear (if in fact he ever had notice of the citation), and irrespective of whether or not M.L.B. could have been prosecuted for a separate delinquent act on account of such failure, we must conclude that the court erred by punishing M.L.B. in this instance for contempt. There was simply no order for the child to violate. Since a notice issued properly pursuant to Rule 8.045 is not before us in this case, we have no occasion to issue an advisory opinion as to whether a violation by a child of such a notice constitutes, and would be punishable as, contempt.
REVERSED.
SMITH and WIGGINTON, JJ„ concur.

. We perceive that this particular wording of the issue, as framed by the state in its answer brief, is accurate.

. The alternative indicators of Harvey’s status were not completed.

. One reason for adopting Rule 8.045 was to "decrease the number of summons issued by the clerk.” Committee Note, Fla.R.Juv.Proc. 8.045.